UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

-------------------------------------------------------------------------X
CERTIFIED COLLISION EXPERTS, INC.,

                             Plaintiff,          **MEMORANDUM & ORDER**
                                                                   23-CV-08524 (JMA) (LGD)

      -against-

TOWN OF BABYLON,

                             Defendants.
-------------------------------------------------------------------------X

**AZRACK, United States District Judge:**

       Plaintiff Certified Collision Experts, Inc. brought this action asserting that Defendant Town of Babylon ("Defendant" or the "Town") violated Plaintiff's Equal Protection rights under the Fourteenth Amendment of the United States Constitution by refusing to place Plaintiff on certain municipal towing rosters for 2021 and 2022. (See generally, Am. Compl., ECF No. 18.) Presently before the Court is Defendant's motion to dismiss this action under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 19). As set forth below, the motion is GRANTED.

## I.    BACKGROUND

**A.**    **Facts**

       The facts set forth herein are taken from Plaintiff's Amended Complaint, documents incorporated by reference in or integral to that pleading, and matters of which the Court may take judicial notice.[1] See, e.g., Clark v. Hanley, 89 F.4th 78, 93 (2d Cir. 2023).

---

[1] Defendant submitted the declaration of Christine Korkidis with its motion and Plaintiff submitted a responding affidavit from Lorraine Christie. (ECF Nos. 19-4, 19-9.) When matters that the court may not consider on a motion to dismiss for failure to state a claim are presented to the court in connection with such a motion, the court must either exclude the additional material or convert the motion to one for summary judgment and afford all parties the opportunity to present supporting material. Fed. R. Civ. P. 12(d); e.g., Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000). The Court has "complete discretion" to determine which approach to take. Kristoffersson on behalf of R.R. v. Port Jefferson Union Free Sch. Dist., No. 23-7232-CV, 2024 WL 3385137, at *2 (2d Cir. July 12, 2024) (emphasis removed; internal quotation marks omitted). The Court declines to consider the submitted declaration and affidavit. See id. at *3 (affirming that approach); cf. Goel v. Bunge, Ltd., 820 F.3d 554, 560 (2d Cir. 2016) (vacating adjudication of a motion to dismiss because it relied on an affidavit extraneous to the complaint).

### 1. The Parties

Plaintiff "is engaged in the business of operating towing vehicles, pursuant to 'rotation lists.'" (Am. Compl., ECF No. 18 ¶ 6.)  The Town is a municipality in Suffolk County, New York that maintains two rotating towing lists ("Tow Lists") under its "Code and regulations." (Id. ¶¶ 3, 8); see Town of Babylon Code § 198-1 et seq.  They are (1) the "non-accident roster" for towing "vehicles not involved in accidents but which are otherwise disabled and which are disrupting the flow of traffic" and (2) the "accident roster" for towing disabled vehicles involved in accidents.[2]  Town of Babylon Code §§ 198-16, 198-17.  Tow companies are dispatched in the order in which they appear on the Tow Lists, which "spread[s] towing work fairly and equitably" among those on the lists.  (Am. Compl., ECF No. 18 ¶ 7); see Town of Babylon Code §§ 198-16, 198-21.  A company called from the Tow Lists "receive[s] payment for conducting the actual tow" and may "have the towed car repaired at the entit[y's] auto-body repair facility." (Am. Compl., ECF No. 18 ¶ 9.)

### 2. Plaintiff's December 2019 Administrative Hearing with the Town

In December 2019, a Town administrative hearing took place concerning allegations that Plaintiff billed a client in August 2019 "for storage of parts" and "cleaning up leaking fluid" in contravention of the Town Code.  (Def.'s Mot. Dismiss Ex. D, ECF No. 19-7); see Town of Babylon Code §§ 198-5, 198-17(E).  Plaintiff's owner confirmed at the hearing that she produced the subject invoice.  (Def.'s Mot. Dismiss Ex. D, ECF No. 19-7.)  In January 2020, the Hearing Officer issued a report finding that, due to Plaintiff's "own admission and evidence," Plaintiff committed billing misconduct.  (Id.)  The report also noted that two 2018 hearings resulted in a

---

[2] The Town also maintains a "[h]eavy duty" roster that identifies trucks capable of towing up to 8,000 pounds and an "extra-heavy-duty" roster that identifies trucks capable of towing over 8,000 pounds.  Town of Babylon Code § 198-19.

similar determination that Plaintiff engaged in billing practices that contravened the Town Code. (Id.) Given those circumstances, the Hearing Officer recommended that Plaintiff's towing license be suspended for six months. (Id.) In February 2020, the Town Clerk sent Plaintiff a letter stating that he adopted the report, that the six-month suspension began effective January 1, 2020, and that Plaintiff could reapply for a towing license on June 1, 2020. (Id.)

### 3. Plaintiff's 2021 Tow Lists Application

In February 2021, Plaintiff's representative delivered to the Town Clerk's office a Tow Lists application for that year. (Am. Compl., ECF No. 18 ¶ 11.) Approximately one week later, the Town Clerk allegedly told Plaintiff's representative, "[b]e careful what you're doing —because they want to get rid of you." (Id. ¶ 12.) The Town never granted Plaintiff's application to be on the 2021 Tow Lists. (Id. ¶ 27.) The Amended Complaint does not specify why that application was not granted. Plaintiff's inquiries, described below, into whether other companies on the Tow Lists submitted special use permits indicates that Plaintiff believes its 2021 Tow Lists application was not granted for lacking a special use permit. (See id. ¶¶ 13-16, 19-20.)

### 4. Plaintiff's Inquiries into Comparators and its 2022 Tow Lists Application

In November 2021, Plaintiff's representative asked a representative of the Town's Planning Department whether another company on the 2021 Tow Lists, Hassell Auto Body ("Hassell"), submitted a special use permit. (See id. ¶¶ 13-14.) The Town Planning Department's representative responded that she had not seen any special use permit from Hassell. (Id. ¶ 13.) Hassell later appeared on the 2022 Tow Lists. (Id. ¶ 14.)

In January 2022, Plaintiff's representative delivered to the Town Clerk a Tow Lists application for that year. (Id. ¶ 21.) That application was never granted. (Id. ¶ 30.) The Amended Complaint does not specify why that application was not granted. Plaintiff's continued inquiries,

3

described below, into whether other companies on the Tow Lists submitted special use permits indicates that Plaintiff believes its 2022 Tow Lists application was not granted for lacking a special use permit. (See id. ¶¶ 15-16, 19-20.)

In February 2022, Plaintiff filed a Freedom of Information Law ("FOIL") request to obtain "special use permits relating to Hassell." (Id. ¶ 15.) The response to that FOIL request stated "no records found" for Hassell having special use permits from 2021 through March 2022. (Id.)

In March 2022, Plaintiff's representative asked a Town representative whether companies on the Tow Lists submitted special use permits. (See id. ¶ 16.) The representative allegedly stated that "most companies on the towing list did not have required special use permits, at least for the year 2021." (Id.)

In March 2023, plaintiff submitted a FOIL request for "documentation as to licensing applications for the years 2021 and 2022, including the application of Hassell." (Id. ¶ 19.) The Town provided tow truck inspection documentation to Plaintiff, which Plaintiff deems nonresponsive to the March 2023 FOIL request. (Id. ¶ 20; Am. Compl. Ex. 6, ECF No. 18-6.)

**5. Hassell's Alleged Overbilling**

Plaintiff insists that in February and March 2022, Hassell charged one or more customers fees that are impermissible under the Town Code. (Am. Compl., ECF No. 18 ¶¶ 17-18.) Plaintiff takes issue with Hassell thereafter remaining on the 2022 Tow Lists. (Id. ¶ 18.)

**B. Procedural History**

Plaintiff filed the original Complaint asserting, based on substantially the same allegations described above, two 42 U.S.C. § 1983 ("Section 1983") claims alleging Defendant violated Plaintiff's Fourteenth Amendment Equal Protection rights by failing to add Plaintiff to the Tow Lists. (ECF No. 1.) Defendant filed an Answer to the Complaint. (ECF No. 7.) Defendant later

filed a motion for pre-motion conference, pursuant to the undersigned's Individual Rules, in anticipation of a motion to dismiss the Complaint. (ECF No. 9.) The Court held that pre-motion conference and later adopted the parties' proposed motion briefing schedule. (See Min. Entry Feb. 13, 2024, conf., ECF No. 15; Feb. 22, 2024, Electr. Sched. Order.)

Plaintiff then filed the Amended Complaint, which again asserts two Section 1983 causes of action alleging Defendant violated Plaintiff's Fourteenth Amendment Equal Protection rights by failing to add Plaintiff to the Tow Lists. (ECF No. 18.) The Amended Complaint's two causes of action relate to the 2021 and 2022 Tow Lists, respectively.[3] (See id. ¶¶ 26-31.) The Amended Complaint specifies that its Equal Protection claims are of the "class-of-one" variety. (Id. ¶ 24.)

The parties subsequently briefed Defendant's dismissal motion, which contends that the Amended Complaint fails to state a claim. (ECF No. 19.)

## II.   LEGAL STANDARDS

### A.   Failure to State a Claim

Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Courts evaluate motions under Rule 12(b)(6) by determining whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). That standard requires the Court to accept as true all well-pled factual allegations in the Amended Complaint and consider documents attached to that pleading, materials incorporated by reference in or integral to that pleading, and matters of which the court may take judicial notice. E.g., Clark, 89 F.4th at 93. The Court need not accept

---

[3] Plaintiff seeks damages allegedly incurred from not being on the Tow Lists in January 2021—even though Plaintiff first applied to be on those lists in the following month. (See Am. Compl., ECF No. 18 ¶¶ 11, 28.)

conclusory assertions, legal conclusions, or formulaic recitation of a claim's elements. See, e.g., In re Facebook, Inc., IPO Derivative Litig., 797 F.3d 148, 159 (2d Cir. 2015). To be sure, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 664; see also id. at 678 (explaining that a complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Determining whether the Amended Complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 664.

**B.    Section 1983**

"Section 1983 provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999); see 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege two elements: (1) 'the violation of a right secured by the Constitution and laws of the United States,' and (2) 'the alleged deprivation was committed by a person acting under color of state law.'" Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87-88 (2d Cir. 2015) (quoting Feingold v. New York, 366 F.3d 138, 159 (2d Cir. 2004)); see Buon v. Spindler, 65 F.4th 64, 78 (2d Cir. 2023). "§ 1983 does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." Morris-Hayes v. Bd. of Educ., 423 F.3d 153, 159 (2d Cir. 2005); see Little v. Cnty. of Nassau, 708 F. Supp. 3d 252, 261 (E.D.N.Y. 2023); Moroughan v. Cnty. of Suffolk, 514 F. Supp. 3d 479, 511 (E.D.N.Y. 2021). Accordingly, "[t]he factors necessary to establish a § 1983 violation will vary with the constitutional provision at issue because the elements of different constitutional violations vary." Tangreti v. Bachmann, 983 F.3d 609, 618 (2d

Cir. 2020) (internal quotation marks and alterations omitted); see Albright v. Oliver, 510 U.S. 266, 271 (1994) ("The first step in any [Section 1983] claim is to identify the specific constitutional right allegedly infringed.").

A Section 1983 claim against a municipality is governed by Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978) and its progeny—including where, as here, the municipality is the only named defendant. Askins v. Doe, 727 F.3d 248, 253-54 (2d Cir. 2013). "Monell expressly prohibits respondeat superior liability for municipalities . . . meaning that a plaintiff must demonstrate that 'through its deliberate conduct, the municipality was the "moving force" behind the injury alleged.'" Agosto v. N.Y.C. Dep't of Educ., 982 F.3d 86, 97-98 (2d Cir. 2020) (quoting Bd. of the Cty. Comm'rs v. Brown, 520 U.S. 397, 404 (1997)). "The elements of a Monell claim are (1) a municipal policy or custom that (2) causes the plaintiff to be subjected to (3) the deprivation of a constitutional right." Id. at 97; see Frost v. New York City Police Dep't, 980 F.3d 231, 257 (2d Cir. 2020). In other words, Plaintiff must "plead . . . that municipal actors committed the tort against the plaintiff and that the tort resulted from a policy or custom of the municipality." Askins, 727 F.3d at 253.

### III.  DISCUSSION

**A.  The Court Takes Judicial Notice of Plaintiff's December 2019 Administrative Hearing and the Resulting Suspension of Plaintiff's Town Towing License**

The court may take judicial notice of a fact "that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). Judicial notice can be taken "at any stage of the proceeding," including on a motion to dismiss. Fed. R. Evid. 201(d); see, e.g., Bellin v. Zucker, 6 F.4th 463, 471 n.10 (2d Cir. 2021) (taking judicial notice

7

of administrative records to adjudicate a motion to dismiss).  Consequently, courts "may take judicial notice of the records of state administrative procedures, as these are public records, without converting a motion to dismiss to one for summary judgment."  Keles v. Davalos, 642 F. Supp. 3d 339, 356 n.5 (E.D.N.Y. 2022) (quoting Falcon v. City Univ. of N.Y., 263 F. Supp. 3d 416, 424 (E.D.N.Y. 2017) (collecting cases)); see also Severin v. New York City Dep't of Educ., No. 19-cv-00775, 2021 WL 1226995, at *4 (S.D.N.Y. March 31, 2021) (taking judicial notice of the decisions and transcripts from administrative disciplinary proceedings).

Here, the Court takes judicial notice of the report and ultimate suspension of Plaintiff's Town towing license that resulted from the December 2019 hearing.  (See Def.'s Mot. Dismiss Ex. D, ECF No. 19-7.)  That public administrative record may be considered on Defendant's motion to dismiss.  See Bellin, 6 F.4th at 471 n.10; Keles, 642 F. Supp. 3d at 356; Falcon, 263 F. Supp. 3d at 424.  The Court "must" take that judicial notice, Fed. R. Evid. 201(c), because Defendant requested the Court do so and supplied the relevant records.  (See Mem. Law Supp. Def.'s Mot. Dismiss ("Def. Mem."), ECF No. 19-8 at 4-5; Def.'s Mot. Dismiss Ex. D, ECF No. 19-7.)  Notably, Plaintiff did not object to the truth of the submitted materials or the Court taking judicial notice of them.  (See Pl.'s Aff. Opp'n Def.'s Mot., ECF No. 19-9; Pl.'s Mem. Law Opp'n Def.'s Mot. ("Opp."), ECF No. 19-12.)

In taking judicial notice of the records concerning the December 2019 hearing, the Court does not accept those materials "for the 'truth of the matters asserted'" in them.  Bellin, 6 F.4th at 471 n.10 (quoting Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008)).  In other words, the Court "express[es] no opinion" as to whether Plaintiff "in fact committed the underlying violations" of the Town Code. Joglo Realties, Inc. v. Seggos, 229 F. Supp. 3d 146, 149 n.3 (E.D.N.Y. 2017) (taking judicial notice of state administrative records).  Instead, the judicially

8

noticed materials "establish the fact of" the administrative proceedings and the cited documents. E.g., Michael Grecco Prods., Inc. v. RADesign, Inc., 112 F.4th 144, 148 n.1 (2d Cir. 2024) (internal quotation marks omitted).

## B. Plaintiff Failed to Allege a Violation of its Equal Protection Rights

Defendant argues that the Amended Complaint fails to state a claim because its Equal Protection causes of action fall short of the governing pleading requirements. (See Def. Mem., ECF No. 19-8 at 5-9.) The Court agrees.

The Equal Protection Clause of the Fourteenth Amendment prohibits each state from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. That requires "the government [to] treat all similarly situated people alike." Cobb v. Pozzi, 363 F.3d 89, 110 (2d Cir. 2003) (quoting Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 499 (2d Cir. 2001)). That requirement extends to municipal government actors. See, e.g., Willowbrook v. Olech, 528 U.S. 562, 565 (2000). Equal Protection claims may be of the "selective enforcement" or "class of one" varieties. Hu v. City of N.Y., 927 F.3d 81, 91 (2d Cir. 2019). Plaintiff confirmed in the Amended Complaint that it endeavored to plead only "class-of-one" claims.[4] (See ECF No. 18 ¶ 24.)

---

[4] The Amended Complaint's failure to pursue a selective enforcement claim precludes consideration of any such claim here. Moreover, the factual allegations in the Amended Complaint are clearly insufficient to allege a selective enforcement claim. To prevail on a selective enforcement claim, a plaintiff must plead that she suffered selective treatment "motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person." Hu, 927 F.3d at 91 (quoting Zahra v. Town of Southold, 48 F.3d 674, 683 (2d Cir. 1995)). Thus, a selective enforcement claim "cannot merely rest on 'a demonstration of different treatment from persons similarly situated.'" Id. (quoting Bizzarro v. Miranda, 394 F.3d 82, 87 (2d Cir. 2005)). But that is what the Amended Complaint does. (See ECF No. 18 ¶¶ 10-25.) The Amended Complaint does not plausibly allege a selective enforcement claim because it does not allege that any "disparate treatment was *caused* by" the requisite "impermissible motivation." Hu, 927 F.3d at 91 (quoting Bizzarro, 394 F.3d at 87); see Reynolds, 990 F.3d at 300 (concluding plaintiff did not plead a selective enforcement claim because he did "not allege that Defendants treated him differently because he belonged to a protected class").

9

Plaintiff's class of one Equal Protection claims require Plaintiff to establish that it "has been 'intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment.'" Reynolds v. Quiros, 990 F.3d 286, 300 (2d Cir. 2021) (quoting Olech, 528 U.S. at 564). For such claims, "the level of similarity between plaintiffs and the persons with whom they compare themselves must be extremely high." Hu, 927 F.3d at 92. That is, Plaintiff must identify a comparator that is "*prima facie* identical" to it. Id. (quoting Neilson v. D'Angelis, 409 F.3d 100, 105 (2d Cir. 2005), overruled on other grounds by Appel v. Spiridon, 531 F.3d 138 (2d Cir. 2008)). More precisely, Plaintiff must allege well-pled facts that, taken as true, lead the Court to conclude that

> (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake.

Id. (quoting Neilson, 409 F.3d at 105). The requisite "highly similar circumstances" provide "the basis for 'inferring that the plaintiff was intentionally singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose—whether personal or otherwise—is all but certain.'" Id. (quoting Neilson, 409 F.3d at 105) (brackets omitted). Considering the foregoing standard, "plausibly pleading a class-of-one claim is not . . . an easy task." Benjamin v. Town of Islip, No. 20-CV-56, 2022 WL 1090608, at *2 (E.D.N.Y. Apr. 12, 2022); see Close v. Bedford Cent. Sch. Dist., No. 23-CV-4595, 2024 WL 3427213, at *8 n.12 (S.D.N.Y. July 16, 2024).

Plaintiff failed to meet that high bar. A single paragraph in the Amended Complaint identified as comparators thirty companies from the Tow Lists—and summarily alleges that Plaintiff and all those companies were "qualified to be placed on" the Tow Lists. (ECF No. 18

10

¶ 10.)  One other paragraph in the Amended Complaint parrots the class of one claim pleading standard and asserts that it is satisfied.  (See id. ¶ 24.)  It is well established that the Court need not accept those "legal conclusions" and "[t]hread-bare recitals of the elements of a cause of action[] supported by mere conclusory statements."  E.g., Iqbal, 556 U.S. at 678-79; see Martine's Serv. Ctr. v. Town of Wallkill, 554 F. App'x 32, 35-96 (2d Cir. 2014) (affirming dismissal of a conclusory class of one claim regarding removal from a municipal tow list).

Relatedly, the Amended Complaint fails to identify a comparator that, like Plaintiff, was adjudicated to have overbilled clients in violation of the Town Code.  (Compare Am. Compl., ECF No. 18, with Def.'s Mot. Dismiss Ex. D, ECF No. 19-7.)  Without acknowledging Plaintiff's overbilling history, the Amended Complaint asserts one comparator overbilled.  The pleading stresses—based on two invoices—that Hassell remained on the Tow Lists after it "improperly charged one or more customers" for certain services in violation of the Town Code.  (Am. Compl. ¶ 18; see Am. Compl. Ex. 5, ECF No. 18-5.)  But this allegation fails in two respects.

First, and most importantly, Plaintiff has not alleged that the Town was aware of Hassell's supposed overbilling.  "[T]he lack of notice" to the Town "by itself" renders Plaintiff and Hassell "materially dissimilar."  Lepper v. Scordino, No. 22-1064, 2023 WL 4004220, at *2 (2d Cir. June 15, 2023); see Analytical Diagnostic Labs, Inc. v. Kusel, 626 F.3d 135, 143 (2d Cir. 2010) (dismissing class of one claim because there was no evidence that the government decisionmaker was aware of circumstances that allegedly made identified comparators similar to plaintiff); Giordano v. City of N.Y., 274 F.3d 740, 751-52 (2d Cir. 2001) (same); LaTrieste Rest. v. Vill. of Port Chester, 188 F.3d 65, 69 (2d Cir. 1999) (same).

Second, even assuming for the sake of argument that the Town was aware of it, Hassell's alleged billing misconduct does not make it "*prima facie* identical" to Plaintiff. Hu, 927 F.3d at 92 (quoting Neilson, 409 F.3d at 105). The Amended Complaint does not assert that Hassell was, like Plaintiff, adjudicated to have engaged in overbilling. (Compare Am. Compl., ECF No. 18 ¶ 18, with Def.'s Mot. Dismiss Ex. D, ECF No. 19-7); see Modzelewski v. Baker, No. 10-CV-390, 2011 WL 8831461, at *3 (D. Conn. Sept. 27, 2011) (dismissing class of one claim regarding removal from a municipal towing list because the plaintiff was adjudicated to have overbilled and kept the proceeds, whereas the comparators had not overbilled or had returned overbilled amounts); JAV Auto Ctr., Inc. v. Behrens, No. 05-CV-6503, 2008 WL 9392107, at *4-5 (S.D.N.Y. Oct. 8, 2008) (dismissing class of one claim regarding termination of a government towing contract for failing to identify comparators with "a similar level of complaints of similar seriousness"), aff'd, 360 F. App'x 176 (2d Cir. 2009).

The Amended Complaint does not otherwise allege that the identified comparators had any history of overbilling, let alone one like Plaintiff's. (See ECF No. 18 ¶¶ 10, 24.) Thus, Plaintiff has not identified a comparator sufficient to maintain its class of one claim. See Pistolesi v. Calabrese, 666 F. App'x 55, 58 & n.2 (2d Cir. 2016) (affirming dismissal of class of one claim, predicated on removal from a municipal tow list, for failing to identify a sufficiently similar comparator); Contiguous Towing, Inc. v. State, 202 F. Supp. 3d 269, 277 (E.D.N.Y. 2016) (similar).

Plaintiff does not argue that it identified sufficiently similar comparators in the Amended Complaint. Instead, Plaintiff insists that the Second Circuit's Hu decision precludes dismissal at the pleadings stage for failing to identify a sufficiently similar comparator. (See Opp., ECF No. 19-12 at 1-4.) But Hu does not stand for the proposition Plaintiff assigns to it. On the contrary, Hu affirmed dismissal of a class of one cause of action for failure to state a claim "because none

12

of the plaintiffs' proffered comparators satisfy the [applicable] similarity standard."[5] 927 F.3d at 101. The Second Circuit has similarly dismissed class of one claims for the same reason in subsequent decisions. See Killoran v. Westhampton Beach Sch. Dist., No. 22-1753, 2023 WL 4503274, at *2 (2d Cir. July 13, 2023); Rodrigues v. City of N.Y., 835 F. App'x 615, 618 & n.3 (2d Cir. 2020); Jordan v. N.Y.C. Bd. of Elections, 816 F. App'x 599, 604 (2d Cir. 2020); see also Santucci v. Levine, No. 21-1329-CV, 2022 WL 121281, at *2 (2d Cir. Jan. 13, 2022) (affirming dismissal of selective enforcement claim for failure to allege that the plaintiffs were sufficiently similar to their comparator). Accordingly, Plaintiff's argument against dismissal lacks merit.

### C. Plaintiff's Failure to Plead a Constitutional Violation Dooms its Claims

It bears repeating that, because Defendant is a municipality, Plaintiff's Section 1983 claims must comply with Monell and its progeny. Askins, 727 F.3d at 253-54. Monell requires (among other things) an underlying constitutional violation. Agosto, 982 F.3d at 97; Frost, 980 F.3d at 257. The Amended Complaint's effort to plead that Monell element fails for the reasons stated above. See supra Section III.B. Accordingly, the claims against Defendant must be dismissed. See Goe v. Zucker, 43 F.4th 19, 34 (2d Cir. 2022) (affirming dismissal of Monell claim for lack of an underlying constitutional violation); Anilao v. Spota, 27 F.4th 855, 874 (2d Cir. 2022) (same).

---

[5] Plaintiff insists that "Hu actually denied a motion to dismiss" a class of one claim. (Opp., ECF No. 19-12 at 6.) But as explained above, Hu affirmed dismissal of a class of one claim. 927 F.3d at 101. Plaintiff misunderstands that Hu separately sustained a race-based selective enforcement claim. Id. at 99. Such a claim requires less similarity between a plaintiff and a comparator: they must be "similarly situated in all material respects" rather than "be identical." Id. at 96 (internal quotation marks omitted). Selective enforcement claims have that "lower similarity standard" because they impose "the extra burden of proving that the[] negative treatment was caused by an impermissible motive." Id. at 95. In any event, the portion of Hu that sustained a selective enforcement claim offers no aid to Plaintiff for two reasons. First, Plaintiff did not assert such a claim. (See Am. Compl., ECF No. 18 ¶ 24); supra note 4. Second, the failure to identify a comparator on the Tow Lists with an overbilling history of which the Town was aware would doom any asserted selective enforcement claim. See Lepper, 2023 WL 4004220, at *2 (affirming dismissal of class of one and selective enforcement Equal Protection claims because the comparators were not the subject of similar complaints and the municipality was not aware of the comparators' conduct).

13

### D. Plaintiff's Claims are Dismissed with Prejudice

Plaintiff, which is counseled, has not sought leave to file a further amended pleading. Accordingly, the claims in the Amended Complaint are dismissed with prejudice. See Hu, 927 F.3d at 107 (affirming dismissal with prejudice because counseled plaintiffs did not request leave to amend); Gallop v. Cheney, 642 F.3d 364, 369 (2d Cir. 2011) (same); Horoshko v. Citibank, N.A., 373 F.3d 248, 249-50 (2d Cir. 2004) ("The . . . contention that the District Court abused its discretion in not permitting an amendment that was never requested is frivolous.").

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss the Amended Complaint is GRANTED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

**SO ORDERED.**

Dated: November 27, 2024
Central Islip, New York

                                                /s/ JMA
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE